*1119 ON RETURN TO REMAND
PATTERSON, Presiding Judge.
We remanded this cause to the trial court, pursuant to Ex parte, Comer, 591 So.2d 13 (Ala.1991), with “instructions to conduct a hearing to determine whether the prior statement of the defendant, Shirley Comer, which was used by the state for impeachment purposes at her trial, was voluntary or was the product of coercion or involuntary influences.” Comer v. State, 591 So.2d 17 (Ala.Cr.App.1991). The trial court has complied with our instructions.
The trial court, after considering the witnesses’ demeanor at the hearing, the facts presented at trial and at the hearing, as well as the testimony given at the hearing, concluded that Comer’s statement was voluntary. The trial court found that no threat, promise or offer of reward, or any other form of coercion induced Comer to give the complained-of statement. Although the testimony is conflicting, the trial court’s findings and conclusion are supported by the record. Under these circumstances, we will not disturb the findings and conclusion of the trial court. See Jackson v. State, 562 So.2d 1373 (Ala.Cr.App. 1990); McNair v. State, 50 Ala.App. 465, 280 So.2d 171, cert. denied, 280 So.2d 177 (1973).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.